IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>CAPSOURCE FUND, L.P. )<br>Defendant )<br> ) | Civil Action No. 3:12CV76-M-A |

CONSENT ORDER APPOINTING SBA AS PERMANENT LIQUIDATING RECEIVER
OF DEFENDANT CAPSOURCE FUND, L.P.

This cause came upon the Motion of the United States of America on behalf of its agency, the United States Small Business Administration ("SBA"), for injunctive relief and for the appointment of SBA as permanent, liquidating receiver of CapSource Fund, L.P. ("CapSource"). After careful consideration,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of CapSource and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver ("Receiver") of CapSource to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of CapSource's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of CapSource under applicable state and federal law, by the Agreement of Limited Partnership, and Charter and/or By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15

U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of CapSource are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to CapSource operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of CapSource and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to CapSource. The past and/or present officers, managers, management company, officers, directors, agents, trustees, attorneys, accountants, and employees of CapSource, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to CapSource and all of CapSource's assets and all other assets and property of the limited partnership, whether real or personal. The former officers of CapSource shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of CapSource, a list of all agents, employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of CapSource, as well as the names, addresses and amounts of claims of all known creditors of CapSource. Within thirty (30) days following the entry of this Order, the former officers of CapSource shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or property of CapSource are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, managers, management companies, officers, directors, agents, employees, shareholders, creditors, debtors, and limited partners of CapSource, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to CapSource shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if CapSource had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of CapSource, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6. CapSource's past and/or present managers, management companies, officers, directors, agents, attorneys, shareholders, employees, accountants, debtors, creditors, managers, limited partners and any other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to CapSource. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving (i) CapSource, (ii) any assets of CapSource, (iii) the Receiver for CapSource or (iv) CapSource's present or past officers, directors, managers, or general partners (including the officers, managers or members of such general partner) to the extent said civil legal proceedings involve any action taken by them while acting in their official capacity with CapSource, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature without further order of this Court.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (i) CapSource, (ii) any of assets of CapSource, (iii) the Receiver for CapSource, or (iv) CapSource's present or past officers, directors, managers, or general partners

(including the officers, managers or members of such general partner) to the extent said civil legal proceedings involve any action taken in their official capacity for CapSource are stayed in their entirety, and all courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceedings until further Order of this Court.

9. Further, as to a cause of action accrued or accruing in favor of CapSource against a third person or party, any applicable statute of limitation is tolled to the extent allowed by applicable law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

10. CapSource and its past and/or present general partners, managers, management companies, directors, officers, limited partners, agents, employees or other persons or entities acting in concert or participating therewith are hereby prohibited and enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would (a) dissipate the assets and/or property of CapSource to the detriment of CapSource or of the Receiver appointed in this cause, including, but not limited to, destruction of corporate records, or (b) violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

11. The Receiver is authorized to borrow on behalf of CapSource, from the SBA, up to $1,000,000 and is authorized to cause CapSource to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of CapSource, excluding administrative expenses of the Receivership, whether

currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of CapSource.

12. The United States Small Business Administration is further entitled to a judgment against CapSource in the total sum of $18,960,853.88 as of August 10, 2012, consisting of $18,822,367.84 in principal plus accrued interest of $138,486.04 through August 10, 2012 with a per diem rate of $3,077.47 through the date of entry of this Order (as reduced by previous principal and interest payments received by SBA), plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order.

13. This Court determines and adjudicates that CapSource has violated the Act and the Regulations as alleged in the Complaint filed against CapSource in the instant action, and that SBA is entitled to the relief requested in its complaint.

Acknowledged and agreed to by CapSource Fund, L.P. and the U.S. Small Business Administration, through their respective duly authorized representatives:

CapSource Fund, L.P.

By: _____
CapSource Partners, L.P. General Partner, through
CapSource Managers, Inc., its general partner through
James R. Herndon, its president

U.S. Small Business Administration

Submitted by:

By: _____
Thomas G. Morris, Director
Office of SBIC Liquidation

/s/ Ralph M. Dean, III
Assistant U.S. Attorney

SO ORDERED, this 24th day of August, 2012.

_____
UNITED STATES DISTRICT COURT JUDGE